[911 NYS2d 635]

In the Matter of VIOLET ALLYSON CHANDLER, an Attorney, Resignor.

Second Department, November 23, 2010

APPEARANCES OF COUNSEL

*Violet Allyson Chandler*, Brooklyn, resignor pro se.

*Diana Maxfield Kearse*, Brooklyn (*Diana J. Szochet* of counsel), for Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.

**OPINION OF THE COURT**

Per Curiam.

Violet Allyson Chandler has submitted an affidavit dated June 29, 2009, wherein she tenders her resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Ms. Chandler was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 12, 1985.

Ms. Chandler avers that her resignation is submitted freely and voluntarily, that she is not being subjected to coercion or duress and that she is fully aware of the implications of its submission, including being barred from seeking reinstatement for a period of at least seven years.

Ms. Chandler is aware that the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) is investigating a complaint of professional misconduct against her by Sanfordene Walker. She acknowledges her inability to successfully defend herself on the merits against any disciplinary charges predicated upon that complaint, which are that she failed to safeguard funds entrusted to her as a fiduciary incident to her practice of law, and failed to deliver funds as required.

Ms. Chandler's resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that she make restitution and that she reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). She acknowledges the continuing jurisdiction of the Court to make such an order and she is aware that any order issued pursuant to this statute could be entered as a civil judgment against her. Ms. Chandler specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Inasmuch as the proffered resignation comports with the requirements of 22 NYCRR 691.9, it is accepted and, effective immediately, Violet Allyson Chandler is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and SGROI, JJ., concur.

Ordered that pursuant to Judiciary Law § 90, effective immediately, Violet Allyson Chandler is disbarred, and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Violet Allyson Chandler shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Violet Allyson Chandler is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Violet Allyson Chandler has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and she shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).